IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, <br><br>Plaintiffs, <br><br>v. <br><br>USV PRIVATE LTD., <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. _____ |

**COMPLAINT**

Plaintiffs, Boehringer Ingelheim Pharmaceuticals Inc., Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharma GmbH & Co. KG (collectively, "Boehringer" or "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant USV Private Limited ("USV" or "Defendant"), allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant's submission of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiffs' JARDIANCE® (empagliflozin) tablets prior to the expiration of United States Patent Nos. 8,551,957, 11,090,323, 11,833,166, and 12,115,179.

## THE PARTIES

2. Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3. Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having its principal place of business at Binger Strasse 173, 55216 Ingelheim am Rhein, Germany.

4. Plaintiff Boehringer Ingelheim Pharma GmbH & Co. KG ("BIPKG") is a limited liability partnership organized and existing under the laws of Germany, having its principal place of business at Binger Strasse 173, 55216 Ingelheim am Rhein, Germany.

5. BIPI, BII, and BIPKG are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6. On information and belief, USV Private Limited is a corporation organized and existing under the laws of India, having its principal place of business at Arvind Vithal Gandhi Chowk, B.S.D., Marg, Station Road, Govandi East, Mumbai 400 088 India. Upon information and belief, USV is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, throughout the United States, including in Delaware.

7. USV Private Limited is referred to hereinafter as "USV" or "Defendant."

8. On information and belief, USV is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the State of Delaware, through its own actions and through the actions of their agents and subsidiaries, including USV USA, from which USV derives a substantial portion of its revenue.

2

9. On information and belief, USV prepared and submitted ANDA No. 220497 (the "USV ANDA") for USV's 10 and 25 mg empagliflozin tablets (the "USV ANDA Products").

10. On information and belief, USV intends to commercially manufacture, market, offer for sale, and sell the USV ANDA Product throughout the United States, including in the State of Delaware, in the event the FDA approves the USV ANDA.

**JURISDICTION AND VENUE**

11. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in this Court as to USV because, among other things, USV is an Indian corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c).

**PERSONAL JURISDICTION OVER USV**

13. Plaintiffs reallege and incorporate by reference paragraphs 1–12 as if fully set forth herein.

14. On information and belief, USV develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

15. This Court has personal jurisdiction over USV because, *inter alia*, USV, on information and belief: (1) has substantial, continuous, and systematic contacts with this state either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute the infringing USV ANDA Products to residents of this state upon approval of ANDA No. 220497, either directly or through at least one of its wholly-owned subsidiaries or agents, including in Delaware; and (3) enjoys substantial income from sales of its

3

generic pharmaceutical products in this state on its own and through at least one of its wholly-owned subsidiaries or agents.

16. In addition, this Court has personal jurisdiction over USV because it regularly engages in patent litigation concerning USV's ANDA products in this District and does not contest personal jurisdiction in this District and has purposefully availed itself of the rights and benefits of this Court by contesting claims in this District. *See, e.g.*, *Bayer Intellectual Property GMBH v. USV Private Ltd.*, C.A. No. 22-1492 (D. Del.); *AstraZeneca AB v. USV Private Ltd.*, C.A. No. 22-899 (D. Del.); *Amgen Inc. v. USV Private Ltd.*, C.A. No. 22-387 (D. Del.); *Astellas US LLC, et al. v. USV Private Ltd.*, C.A. No. 20-793 (D. Del.).

17. Alternatively, to the extent the above facts do not establish personal jurisdiction over USV, this Court may exercise jurisdiction over USV pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) USV would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) USV has sufficient contacts with the United States as a whole, including, but not limited to, filing an ANDA with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over USV satisfies due process.

## THE PATENTS-IN-SUIT

18. On October 8, 2013 the USPTO duly and legally issued United States Patent No. 8,551,957 ("the '957 patent") entitled "Pharmaceutical composition comprising a glucopyranosyl-substituted benzene derivate" to inventors Klaus Dugi, Michael Mark, Leo Thomas, and Frank Himmelsbach. A true and correct copy of the '957 patent is attached as Exhibit A. BII and BIPI collectively own all right, title, and interest in and to the '957 patent.

19. On August 17, 2021, the USPTO duly and legally issued United States Patent No. 11,090,323 ("the '323 patent") entitled "Pharmaceutical composition, methods for treating

4

and uses thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '323 patent is attached as Exhibit B. BII and BIPI collectively own all right, title, and interest in and to the '323 patent.

20. On December 5, 2023, the USPTO duly and legally issued United States Patent No. 11,833,166 ("the '166 patent") entitled "Pharmaceutical composition, methods for treating and uses thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '166 patent is attached as Exhibit C. BII and BIPI collectively own all right, title, and interest in and to the '166 patent.

21. On October 15, 2024, the USPTO duly and legally issued United States Patent No. 12,115,179 ("the '179 patent") entitled "Pharmaceutical composition, methods for treating and uses thereof" to inventors Peter Eickelmann, Michael Mark, Leo John Seman, Leo Thomas, Uli Christian Broedl, and Rolf Grempler. A true and correct copy of the '179 patent is attached as Exhibit D. BII and BIPI collectively own all right, title, and interest in and to the '179 patent.

## JARDIANCE®

22. BIPI is the holder of New Drug Application ("NDA") No. 204629 for empagliflozin, for oral use, in 10 mg and 25 mg dosages, which is sold under the trade name JARDIANCE®.

23. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '957 patent, '323 patent, '166 patent, and '179 patent are among the patents listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations database ("Orange Book") with respect to JARDIANCE®.

24. The '957 patent, '323 patent, '166 patent, and '179 patent cover the JARDIANCE® product and its use.

## ACTS GIVING RISE TO THIS ACTION

25. On information and belief, USV submitted the USV ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the USV ANDA Product.

26. The USV ANDA refers to and relies upon the JARDIANCE® NDA and contains data that, according to USV, demonstrate the bioequivalence of the USV ANDA Product and JARDIANCE®.

27. Plaintiffs received a letter from USV dated May 29, 2025 (the "USV Letter"), stating that USV had included a certification in the USV ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '957, '323, '166, and '179 patents are either invalid or will not be infringed by the commercial manufacture, use, or sale of the USV ANDA Product (the "USV Paragraph IV Certification"). Therefore, USV intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the USV ANDA Product prior to the expiration of the '957, '323, '166, and '179 patents.

28. On information and belief, USV does not dispute that the USV ANDA Product will infringe the claims of the '957, '323, '166, and '179 patents in the USV Letter.

29. Provided here as a representative claim for exemplary purposes, claim 25 of the '957 patent recites: "Method for treating type 2 diabetes mellitus in a patient in need thereof comprising administering to the patient the glucopyranosyl-substituted benzene derivative according to claim 1 in combination or alternation with the DPP IV inhibitor according to claim 1." And, for reference, claim 1 recites: "1. A pha[r]maceutical composition comprising the glucopyranosyl-substituted benzene derivative 1-chloro-4-(62-D-glucopyranos-1-yl)-2-[4-((S)-tetrahydrofuran-3-yloxy)-benzyl]-benzene in combination with the DPP IV inhibitor 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine, or a pharmaceutically acceptable salt thereof."

6

30. Similarly, provided here as a representative claim for exemplary purposes, claim 25 of the '323 patent recites: "25. A method for improving glycemic control in a patient with type 2 diabetes mellitus comprising administering empagliflozin to the patient if the eGFR of the patient is ≥30 ml/min/1.73 m2 and <60 ml/min/1.73 m2, wherein empagliflozin is administered orally in a total daily amount of 10 mg or 25 mg, wherein the glycemic control in said patient is improved, and discontinuing empagliflozin if the eGFR of the patient falls below 30 ml/min/1.73 m2."

31. Likewise, provided here as a representative claim for exemplary purposes, claim 13 of the '166 patent recites: "13. A method for improving glycemic control in a patient with type 2 diabetes mellitus comprising: a) assessing the renal function of the patient; and b) administering empagliflozin to the patient if the eGFR of the patient is ≥30 ml/min/1.73 m2 and <60 ml/min/1.73 m2, wherein empagliflozin is administered orally in a total daily amount of 10 mg or 25 mg, and wherein the glycemic control in said patient is improved."

32. Finally, provided here as a representative claim for exemplary purposes, claim 13 of the '179 patent recites: "13. A method for improving glycemic control and/or for reducing of fasting plasma glucose, of postprandial plasma glucose and/or of glycosylated hemoglobin HbA1c in a patient in need thereof, the method comprising administering to the patient an SGLT2 inhibitor, a DPP IV inhibitor and a third antidiabetic agent in combination or alternation to the patient, wherein the SGLT2 inhibitor is 1-chloro-4-(β-D-glucopyranos-1-yl)-2-[4-((S)-tetrahydrofuran-3-yloxy)-benzyl]-benzene, the DPPIV inhibitor is linagliptin or a pharmaceutically acceptable salt thereof, and the third antidiabetic agent is metformin or a pharmaceutically acceptable salt thereof, wherein the SGLT2 inhibitor is administered to the patient in a dosage of 1 mg to 50 mg per day the DPPIV inhibitor is administered to the patient in

7

a dosage of 1 mg to 5 mg per day, and the third antidiabetic agent administered to the patient in a dosage of 500 mg to 2000 mg per day."

## COUNT I — INFRINGEMENT OF THE '957 PATENT

33. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–32.

34. USV has infringed at least one claim of the '957 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the USV ANDA, by which USV seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the USV ANDA Product prior to the expiration of the '957 patent.

35. USV has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the USV ANDA Product in the event that the FDA approves the USV ANDA. Accordingly, an actual and immediate controversy exists regarding USV's infringement of the '957 patent under 35 U.S.C. § 271(b).

36. USV's manufacture, use, offer to sell, or sale of the USV ANDA Product in the United States or importation of the USV ANDA Product into the United States during the term of the '957 patent would further infringe at least one claim of the '957 patent under 35 U.S.C. § 271(b).

37. On information and belief, the USV ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '957 patent either literally or under the doctrine of equivalents.

38. On information and belief, USV had knowledge of the '957 patent and, by at least its package inserts for its ANDA Product, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '957 patent, either literally or under the doctrine of equivalents.

39. On information and belief, the offering to sell, sale, and/or importation of the USV ANDA Product into the United States by USV would actively induce infringement of at least one of the claims of the '957 patent, either literally or under the doctrine of equivalents.

40. Plaintiffs will be substantially and irreparably harmed if USV is not enjoined from infringing the '957 patent.

## COUNT II — INFRINGEMENT OF THE '323 PATENT

41. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–40.

42. USV has infringed at least one claim of the '323 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the USV ANDA, by which USV seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the USV ANDA Product prior to the expiration of the '323 patent.

43. USV has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the USV ANDA Product in the event that the FDA approves the USV ANDA. Accordingly, an actual and immediate controversy exists regarding USV's infringement of the '323 patent under 35 U.S.C. § 271(b).

44. USV's manufacture, use, offer to sell, or sale of the USV ANDA Product in the United States or importation of the USV ANDA Product into the United States during the term of the '323 patent would further infringe at least one claim of the '323 patent under 35 U.S.C. § 271(b).

45. On information and belief, the USV ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '323 patent either literally or under the doctrine of equivalents.

46. On information and belief, USV had knowledge of the '323 patent and, by at least its package inserts for its ANDA Product, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

47. On information and belief, the offering to sell, sale, and/or importation of the USV ANDA Product into the United States by USV would actively induce infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

48. Plaintiffs will be substantially and irreparably harmed if USV is not enjoined from infringing the '323 patent.

## COUNT III — INFRINGEMENT OF THE '166 PATENT

49. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–48.

50. USV has infringed at least one claim of the '166 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the USV ANDA, by which USV seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the USV ANDA Product prior to the expiration of the '166 patent.

51. USV has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the USV ANDA Product in the event that the FDA approves the USV ANDA. Accordingly, an actual and immediate controversy exists regarding USV's infringement of the '166 patent under 35 U.S.C. § 271(b).

52. USV's manufacture, use, offer to sell, or sale of the USV ANDA Product in the United States or importation of the USV ANDA Product into the United States during the term of the '166 patent would further infringe at least one claim of the '166 patent under 35 U.S.C. § 271(b).

53. On information and belief, the USV ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '166 patent either literally or under the doctrine of equivalents.

54. On information and belief, the use of the USV ANDA Product constitutes a material part of at least one of the claims of the '166 patent; USV knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '166 patent, either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

55. On information and belief, the offering to sell, sale, and/or importation of the USV ANDA Product into the United States by USV would actively induce infringement of at least one of the claims of the '166 patent, either literally or under the doctrine of equivalents.

56. On information and belief, USV does not deny that the USV ANDA Product will infringe claims of the '166 patent and in the USV Paragraph IV Certification, USV did not deny that the USV ANDA Product will infringe claims of the '166 patent.

57. Plaintiffs will be substantially and irreparably harmed if USV is not enjoined from infringing the '166 patent.

**COUNT IV — INFRINGEMENT OF THE '179 PATENT**

58. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–57.

59. USV has infringed at least one claim of the '179 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the USV ANDA, by which USV seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the USV ANDA Product prior to the expiration of the '179 patent.

11

60. USV has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the USV ANDA Product in the event that the FDA approves the USV ANDA. Accordingly, an actual and immediate controversy exists regarding USV's infringement of the '179 patent under 35 U.S.C. § 271(b).

61. USV's manufacture, use, offer to sell, or sale of the USV ANDA Product in the United States or importation of the USV ANDA Product into the United States during the term of the '179 patent would further infringe at least one claim of the '179 patent under 35 U.S.C. § 271(b).

62. On information and belief, the USV ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '179 patent either literally or under the doctrine of equivalents.

63. On information and belief, USV had knowledge of the '179 patent and, by at least its package inserts for its ANDA Product, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '179 patent, either literally or under the doctrine of equivalents.

64. On information and belief, the offering to sell, sale, and/or importation of the USV ANDA Product into the United States by USV would actively induce infringement of at least one of the claims of the '179 patent, either literally or under the doctrine of equivalents.

65. Plaintiffs will be substantially and irreparably harmed if USV is not enjoined from infringing the '179 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against USV and for the following relief:

      a.      A judgment that USV has infringed at least one claim of the '957, '323, '166, and '179 patents;

      b.      A preliminary and permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 enjoining USV, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them from: (i) manufacturing, using, offering to sell, or selling the USV ANDA Product within the United States, or importing the USV ANDA Product into the United States prior to the expiration of the '957, '323, '166, and '179 patents, and (ii) seeking, obtaining or maintaining approval of the USV ANDA until the expiration of the '957, '323, '166, and '179 patents or such other later time as the Court may determine;

      c.      A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 220497 under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the '957, '323, '166, and '179 patents, including any extensions;

      d.      If USV manufactures, uses, offers to sell, or sells the USV ANDA Product within the United States, or imports the USV ANDA Product into the United States, prior to the expiration of the '957, '323, '166, and '179 patents, including any extensions, a judgment awarding Plaintiffs monetary relief together with interest;

      e.      A judgment that this is an exceptional case and that Plaintiffs be awarded their attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

      f.      Costs and expenses in this action; and

      g.      Such other and further relief as the Court deems just and appropriate.

| | |
|---|---|
| OF COUNSEL:<br><br>Jeanna M. Wacker<br>Sam Kwon<br>Christopher Ilardi<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>(212) 446-4679<br><br>Bryan S. Hales<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL  60654<br>(312) 862-2000<br><br>July 10, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Megan E. Dellinger*<br>_____<br>Brian P. Egan (#6227)<br>Megan E. Dellinger (# 5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>began@morrisnichols.com<br>mdellinger@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |